*CLOSED*

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| T.M., | : | **Civil Action No. 25-00127** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff T.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 10, 2022. A hearing was held before ALJ Karen Shelton (the "ALJ") on November 7, 2023, and the ALJ issued an unfavorable decision on March 21, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In decision of March 21, 2024, the ALJ found, at step two, that Plaintiff had several severe impairments, including attention deficit hyperactivity disorder ("ADHD"), bipolar depression, and anxiety. At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of exertional tasks but with certain non-exertional limitations, and that Plaintiff had no past relevant work. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded, based on one argument. According to Plaintiff, the ALJ failed to properly evaluate medical opinions and, accordingly, erred in coming to her RFC determination.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff argues that the ALJ improperly disregarded the opinion of treating physician, Dr. Obiukwu, and that her RFC determination is not supported by substantial evidence.  In deciding Plaintiff's RFC, the ALJ found the opinion of Dr. Obiukwu unpersuasive and that Plaintiff only had non-exertional limitations as follows:

> this individual is able to follow simple instructions. She is able to make work decisions, and perform simple, routine, repetitive tasks, in a routine environment with few changes in work setting. This individual can respond appropriately to occasional supervision, and she can have occasional contact with coworkers in proximity but not joint or shared tasks, no contact with the public. She would be most successful in a job working primarily with things rather than people.

(Tr. at 19).  In arguing for vacatur, Plaintiff requests that this court "admonish" the ALJ for her perceived "cherry pick[ing]" of evidence.  (Mot. at 18).  Specifically, Plaintiff argues that the ALJ improperly rejected Dr. Obiukwu's medical opinion in coming to her RFC determination. (Mot. at 20).  Because the Court finds that: (1) the ALJ's analysis of the persuasiveness of Dr. Obiukwu's opinion pursuant to 20 C.F.R. § 404.1520c is supported by substantial evidence and (2) the ALJ's RFC determination itself is supported by substantial evidence, Plaintiff's argument fails and the Commissioner's decision will be affirmed.

As Plaintiff noted in her opening brief, the ALJ was not required to give preferential treatment or any specific evidentiary weight to the opinion of the treating physician, here Dr. Obiukwu.  See 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").  Instead, the ALJ was simply required to articulate her determination of the persuasiveness of Dr. Obiukwu's opinion, with a focus on its supportability and consistency.  See 20 C.F.R. § 404.1520(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions. . . The factors of

3

supportability. . . and consistency. . . are the most important factors we consider."). Further, the ALJ "need not reiterate the magic words 'support' or 'consistent' for each doctor," and may "weave [discussion of] supportability and consistency through her analysis of which doctors were more persuasive." Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024).

In her opinion, the ALJ recognized that Dr. Obiukwu indicated that "claimant has limitations in nearly every area of mental functioning, which would 'mostly preclude performing in a regular work setting' or 'preclude performing for more than 20 percent in an eighth hour workday.'" (Tr. at 23; Tr. at 914). The ALJ found, however, that this opinion was neither consistent with, nor supported by, the record (including evidence from other medical sources) or even with Dr. Obiukwu's own treatment history with Plaintiff. (Id. at 23-24). For example, the ALJ noted, among other things, that "[t]hroughout the record, the claimant routinely presented adequate memory and cognitive functioning" and that "Dr. Obiukwu's treatment notes show that claimant had symptom improvement with medication management." (Id.). The ALJ's analysis of Dr. Obiukwu's opinion and its persuasiveness is, itself, quite persuasive. The ALJ's reasoning is thorough, precise, and supported by her many pin cites to specific evidence in the record which she found inconsistent with the opinion of Dr. Obiukwu. (See, e.g., Id.) ("Overall, [Plaintiff] was generally alert and oriented (EX. 7F/24, 30; 16F/36; 18F/17, 23, 38, 33, 38, 43, 48). Specifically, [Plaintiff] was described as calm or cooperative (EX. 9F/128; 15F/26; 18F/17, 23, 28, 33, 38, 43)"). Accordingly, the ALJ satisfied the requirements of the relevant regulations, particularly 20 C.F.R. § 404.1520c, and her persuasiveness analysis is indeed supported by substantial evidence.

Moreover, the plain text of Dr. Obiukwu's report supports the ALJ's conclusion of low persuasiveness. Dr. Obiukwu's assessment frequently rates the claimant at the absolute lowest

level of capability on a wide range of mental functions, but contains little evidence to support the assertion of near-total functional impairment.  In addition, Dr. Obiukwu's assessment is in direct contrast with other medical opinions provided in the record, such as those by the State agency psychological consultants.  For example, both Drs. Michael Plasay and Jill Rowan found Plaintiff "not significantly limited" in the "Understanding and Memory Limitation" categories of "the ability to remember locations and work-like procedures" and "the ability to understand and remember very short and simple instructions" and they found her "moderately limited" in "the ability to understand and remember detailed instructions."  (Tr. at 70, 77).  The rest of Drs. Plasay and Rowan's reports similarly found Plaintiff moderately or not significantly limited across domains in assessing her mental RFC.  (Id at 69-72, 77-79).  Likewise, Dr. Navjot Kaur found Plaintiff's "recent memory normal and remote memory normal."  (Id. at 977).  These findings, just a small sample of many similar assessments, support the ALJ's ultimate RFC determination regarding Plaintiff's non-exertional limitations.  They are in stark contrast, however, with Dr. Obiukwu's report which found Plaintiff to be so severely limited that she was rated as "Category V" which would "preclude all performance in a regular work setting" in her ability to "remember work-like procedures" or "understand and remember very short and simple instructions."  (Id. at 911).  This substantial gulf between Dr. Obiukwu's report and the evidence of record from other medical providers is evident throughout his entire report.  (Id. a 911-912).

In sum, the ALJ's assessment of Dr. Obiukwu's report as not persuasive is supported by substantial evidence because Dr. Obiukwu's report is not consistent with the other evidence of record, and because it is not supported by evidence presented in Dr. Obiukwu's report itself. Further, The ALJ's RFC determination is supported by substantial evidence because it is supported by the clear concluding statements made by the agency physicians.  (See, e.g., Id. at 71

5

(Dr. Plasay stating, "although there are some deficits, the data indicate that [Plaintiff] is able to comprehend and remember simple and routine directions and tasks. . . . [Plaintiff] is able to persist at simple tasks with adequate pace and sustained concentration.").

For the reasons set forth above, this Court finds that the Commissioner's decision is supported by substantial evidence and the decision of the Commissioner is affirmed.

<u>    s/</u> Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: February 25, 2026